| Case No. | **CV 19-1400-FMO-KK** | | Date: | February 27, 2019 |
|----------|----------------------|--|-------|-------------------|

| Title: | *Jaime G. Velasquez v. State of California, et al.* |
|--------|----------------------------------------------------|

Present: The Honorable  KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|------------|--------------|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|-------------------------------------|-------------------------------------|
| None Present | None Present |

Proceedings:     (In Chambers) Order to Show Cause Why this Action Should Not Be Dismissed As Untimely And/Or Wholly Unexhausted

## I.
## INTRODUCTION

On February 13, 2019, Jaime G. Velasquez ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2015 conviction for sexual assault.  ECF Docket No. ("Dkt.") 1.  It appears, however, the Petition is subject to dismissal because it is untimely, and Petitioner has not exhausted his state remedies with respect to the grounds raised in the Petition.  The Court will provide Petitioner an opportunity to address these issues before making a final determination regarding whether the Petition should be dismissed.

## II.
## BACKGROUND

In February 2014, following a jury trial, Petitioner was convicted of twelve counts of rape of a minor over 14 years old in violation of Section 261(a)(2) of the California Penal Code, six counts of forcible oral copulation of a minor over 14 years old in violation of Section 288a(c)(2)(C) of the California Penal Code, and three counts of forcible sodomy of a minor over 14 in violation of Section 286(c)(2)(C).  Dkt. 1 at 2; People v. Velasquez, No. B262577, 2016 WL 279990, at *1 (Cal.

Ct. App. Jan. 22, 2016).[1]  Petitioner was sentenced to a term of 224 years in state prison.  See Dkt. 1 at 2.

On March 4, 2015, Petitioner appealed his conviction for two of the counts of rape in a direct appeal to the California Court of Appeal.  Cal. Courts, Appellate Courts Case Info., Docket, https://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=2&doc_id=2102962 &doc_no=B262577&request_token=NiIwLSIkTkw9W1BRSCNdVEhIIDw6USxTJSI%2BUz1SQ CAgCg%3D%3D (last updated Feb. 27, 2019 at 11:17 AM); Velasquez, 2016 WL 279990, at *1.  On January 22, 2016, the California Court of Appeal affirmed the judgment.  Dkt. 1 at 3; Velasquez, 2016 WL 279990, at *5.

On February 13, 2019, Petitioner constructively filed[2] the instant Petition in this Court.  Dkt. 1.

**III.**
**DISCUSSION**

**A.    THE PETITION IS UNTIMELY AND IS SUBJECT TO DISMISSAL**

    **1.    The Petition Was Filed After AEDPA's One-Year Limitations Period**

Petitioner filed the Petition after April 24, 1996, the effective date of AEDPA.  Dkt. 1. Therefore, the requirements for habeas relief set forth in AEDPA apply.  Soto v. Ryan, 760 F.3d 947, 956-57 (9th Cir. 2014).  AEDPA "sets a one-year limitations period in which a state prisoner must file a federal habeas corpus petition."  Thompson v. Lea, 681 F.3d 1093, 1093 (9th Cir. 2012). Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1) ("Section 2244(d)(1)").  If a petitioner files a direct appeal to a state appellate court but no petition for review to the highest state court, the conviction becomes final forty days after the state appellate court issues its decision.  Brown v. Sisto, 303 F. App'x 458, 459 (9th Cir. 2008).

Here, Petitioner's conviction became final on March 2, 2016, i.e., forty days after the California Court of Appeal denied Petitioner's direct appeal on January 22, 2016.  Porter, 620 F.3d at 958-59.  AEDPA's one-year limitations period commenced the next day, March 3, 2016, and expired on March 3, 2017.  28 U.S.C. § 2244(d)(1).  However, Petitioner constructively filed the Petition on February 13, 2019.  Therefore, in the absence of any applicable tolling, the Court deems the Petition untimely by over one year and eleven months under Section 2244(d)(1).  Thompson, 681 F.3d at 1093.

---

[1] The Court takes judicial notice of Petitioner's prior proceedings in the state courts.  See In re Korean Air Lines Co., 642 F.3d 685, 689 n.1 (9th Cir. 2011).

[2] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).

## 2. Statutory Tolling Does Not Render the Petition Timely

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2) ("Section 2244(d)(2)")). Statutory tolling does not extend to the time between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because, during that time, there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). However, a petitioner is entitled to statutory tolling (i.e. gap tolling) for reasonable periods between the filing of properly filed applications for State post-conviction or other collateral review. Nedds, 678 F.3d at 781. Moreover, "[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (citation omitted).

Here, Petitioner concedes he did not file any state habeas petitions. Dkt. 1. Therefore, statutory tolling does not render the Petition timely.

## 3. Equitable Tolling Does Not Render The Petition Timely

In addition to the statutory tolling provided for by Section 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (alteration in original). A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014). The petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, 'lest the exceptions swallow the rule.'" Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2015).

Here, Petitioner states he did not file a petition for review of his direct appeal to the California Supreme Court because he "did not know [he] had the right to appeal this case to the CA Supreme Court as [he] do[es] not know the law." Dkt. 1 at 3. However, a pro se petitioner's ignorance of the law is not an extraordinary circumstance. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). Therefore, Petitioner does not appear to identify any reasons entitling him to equitable tolling, and the Court has not found any basis to support such a claim. Thus, equitable tolling does not render the Petition timely. Bills, 628 F.3d at 1097.

## B. THE PETITION IS WHOLLY UNEXHUASTED AND IS SUBJECT TO DISMISSAL

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out

"one complete round" of the state's appellate process in order to properly exhaust a claim. O'Sullivan, 526 U.S. at 845.

For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882,888 (9th Cir. 1999) (applying O'Sullivan to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." Gatlin, 189 F.3d at 888.

Here, Petitioner concedes he never raised his claims in the California Supreme Court. Dkt. 1. Accordingly, Petitioner's claims have not been ruled on by the California Supreme Court. Thus, the Petition is a wholly unexhausted petition subject to dismissal.

## IV.
## ORDER

For the foregoing reasons, the Petition appears subject to dismissal. Petitioner is therefore **ORDERED TO SHOW CAUSE** why the Petition should not be dismissed by filing written responses as set forth below **no later than March 21, 2019**.

**FIRST**, Petitioner must address the apparent untimeliness of the Petition. Petitioner must file a written response explaining why the Petition should not be dismissed as untimely. Petitioner is advised to inform the Court of any reason demonstrating entitlement to statutory or equitable tolling.

**SECOND**, if Petitioner contends the Petition is timely, Petitioner must also file a written response explaining why the Petition should not be dismissed for failure to exhaust state remedies. In doing so, Petitioner may choose from the following options:

**Option 1 - Petitioner May Explain The Petition Is Exhausted:** If Petitioner contends he has, in fact, exhausted his state court remedies on the grounds raised in his Petition, he should clearly explain this in a written response to this Order to Show Cause. Petitioner should attach to his response copies of any documents establishing that his claims are indeed exhausted.

**Option 2 - Petitioner May Request A Rhines Stay:** Under Rhines v. Weber, 544 U.S. 269, 161 L. Ed. 2d 440, 161 L. Ed. 2d 440 (2005), a district court has discretion to stay a petition to allow a petitioner time to present his unexhausted claims to state courts. Id. at 276; Mena v. Long, No. 14-55102, (9th Cir. Feb. 17, 2016) (holding the Rhines stay-and-abeyance procedure applies to both mixed and fully unexhausted habeas petitions). This stay and abeyance procedure is called a "Rhines stay" and is available only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. Rhines, 544 U.S. at 277-78.

Petitioner may file a motion for a Rhines stay and support his request by showing: (1) there is "good cause" for the failure to exhaust; (2) the grounds raised are not "plainly meritless"; and (3) Petitioner did not intentionally engage in dilatory litigation tactics. See id. Petitioner should include any evidence supporting his request for a Rhines stay.

**Caution:** Petitioner is cautioned that if he requests a stay and the Court denies the request for a stay, or if Petitioner contends that he has in fact exhausted his state court remedies on all grounds and the Court disagrees, the Court will dismiss the Petition for failure to exhaust state remedies. **Accordingly, Petitioner may select options in the alternative.**

ALTERNATIVELY, <u>**Petitioner May Voluntarily Dismiss the Action Without Prejudice**</u>:  Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk of the Court has attached a Notice of Dismissal form for Petitioner's convenience.**  However, the Court warns Petitioner that if Petitioner should later attempt to again raise any dismissed claims in a subsequent habeas petition, those claims may be time-barred under the statute of limitations in Section 2244(d)(1).  28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

**The Court warns Petitioner failure to timely file a response to this Order will result in the Court dismissing this action with prejudice as untimely, and for failure to prosecute and comply with court orders.  <u>See</u> Fed. R. Civ. P. 41(b).**

**The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.**

**IT IS SO ORDERED.**